EDWIN BOWLEY & another *vs.* ROBERT G. WALKER & others.

*Establishing* an alteration in a way, upon a petition praying that it may be widened and straightened, is in law a discontinuance of those portions of the way which do not come within the newly assigned limits; and no special order of discontinuance is necessary.
An open, peaceable, adverse and exclusive possession of land which has been discontinued as a highway, under claim of title, is sufficient to support an action for trespass, against all persons who have not a better title.

TORT for breaking and entering the plaintiffs' close, and removing a large quantity of gravel. The defendants justified their acts on the ground that they were the selectmen of Haverhill, and that they removed the gravel, which was within the

limits of a highway, for the purpose of repairing the highways of that town.

At the trial in the superior court, before *Vose*, J., it appeared that the close described was formerly included within the limits of a highway, and that in 1854, upon a petition praying that the highway might be widened and straightened, the county commissioners assigned new limits for the same, as stated in the opinion, which did not include the close described; and that, some months prior to the alleged trespasses, the plaintiffs fenced in the premises, claiming title thereto under several deeds, which were introduced in evidence, and respecting which questions arose which are not now material, and were in possession thereof, thus claiming title, at the time of the acts complained of. These facts not being in dispute, the judge instructed the jury that the plaintiffs were entitled to recover, and the jury returned a verdict accordingly. The defendants alleged exceptions.

*J. C. Perkins*, for the defendants.

*D. Saunders, Jr. & J. W. Perry*, for the plaintiffs.

CHAPMAN, J. The straightening of a crooked highway must be regarded as an alteration of it, and its operation is to discontinue such parts as are left without the limits of the way as straightened. The way in this case was so altered as to be " not less than fifty feet wide, southerly of the lines described," which lines were constituted, by the order of the county commissioners, the northerly boundary of the way. This description cannot be regarded as appropriating more than fifty feet to the highway, and that part of the old way which lay south of it was discontinued. The plaintiffs then fenced in and occupied the land lying south of this straightened way, claiming title to it. This occupation constituted a good possessory title against all persons who had not a better title. The defendants, having no rights beyond the limits of the highway, removed the fence and took gravel from the inclosed land. This was clearly a trespass; and the other questions raised are, in this view of the case, immaterial.                    *Exceptions overruled.*